UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| STEVEN A. KEGEL,  Plaintiff,  v.  BROWN & WILLIAMSON TOBACCO CORPORATION, et al.,  Defendants. | 3:06-CV-00093-LRH-VPC  ORDER |

Presently before the court is Defendants Brown & Williamson Tobacco Corporation, et al.'s Motion for Summary Judgment (#115[1]). Plaintiff Steven Kegel has filed an opposition (#128) to which Defendants replied (#135). Also before the court are Defendants' Errata to Reply in Support of Summary Judgment (#137) and Amended Statement of Undisputed Facts (#139). In response, Plaintiff has filed a motion to strike both documents (#140).

The court has begun to review the evidence submitted by the parties and advises counsel of the privacy protections provided for in Federal Rule of Civil Procedure 5.2 and in the District of Nevada's Special Order Number 108. Rule 5.2 and Special Order 108 are a result of the E-Government Act of 2002, in which Congress recognized the need for rules "to protect privacy and security concerns relating to electronic filing of documents and the public availability . . . of

---

[1] Refers to the court's docket number.

documents filed electronically." Fed. R. Civ. P. 5.2 advisory committee's notes. The rule is further derived from and implements the policy adopted by the Judicial Conference in September of 2001 to address privacy concerns resulting from public access to electronic case files. Fed. R. Civ. P. 5.2 advisory committee's notes (citing http://www.privacy.uscourts.gov/policy.htm). Thus, Rule 5.2 and Special Order 108 recognize the inherent threat of electronic filing to individual privacy concerns.

Here, the court particularly notes the failure of counsel to comply with the requirements of Rule 5.2 and Special Order 108 in filing, without the appropriate redactions, employment forms executed by Plaintiff.[2] To the extent that this and any additional evidence includes Plaintiff's or any other individuals' personal information, including social security numbers, dates of birth, and home addresses, within ten (10) days from the issuance of this order, the parties shall identify the specific locations of all such prohibited information in pleadings filed to date. Upon receipt of this information, the court will order the court clerk to strike from the record any exhibits containing the prohibited information. If the parties want the court to consider these exhibits, in accordance with Rule 5.2 and Special Order 108, the parties shall re-file the exhibits with the personal information redacted, disclosing only the last four digits of the social security numbers, the years of birth, and the city and state of home addresses.

///
///
///
///
///

---

[2] Although Federal Rule of Civil Procedure 5.2(h) provides that an individual waives the protection of Rule 5.2(a) as to the person's own information by filing the information without redaction and not under seal, where a party is represented by counsel the court will require a written authorization signed by the client permitting such disclosures.

2

1  IT IS THEREFORE ORDERED that the parties shall have ten (10) days from the issuance
2  of this order to identify exhibits containing information prohibited by Federal Rule of Civil
3  Procedure 5.2 and Special Order Number 108.
4  IT IS SO ORDERED.
5  DATED this 2nd day of March, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE