UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STEVEN A. KEGEL,<br><br>            Plaintiff,<br><br>   v.<br><br>BROWN & WILLIAMSON TOBACCO CORPORATION, et al.,<br><br>            Defendants. | 3:06-CV-00093-LRH-VPC<br><br>ORDER |

Before the court is Defendant R.J. Reynolds Tobacco Company's "Motion to Amend September 25, 2009, Order" (#175[1]). Plaintiff Steven Kegel has filed an opposition (#182) to which Defendant replied (#188).

On September 25, 2009, this court entered an order (#173) denying Defendant's Motion to Dismiss Plaintiff's Tenth Claim for Relief (#160). The court found that Plaintiff could state a wrongful termination claim under Nevada law based on the exercise of his rights under a short term disability plan. Defendant now ask the court to amend its order to include language permitting it to obtain permission from the Ninth Circuit Court of Appeals to appeal the court's ruling immediately.

Defendant seeks an interlocutory appeal pursuant to 28 U.S.C. § 1292. In relevant part, §

---

[1] Refers to the court's docket entry number.

1292 provides,

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such an order involves a controlling question of law to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

28 U.S.C. § 1292(b). Thus, a district court may certify an order for interlocutory appellate review under § 1292(b) where the following requirements are met: (1) there is a controlling question of law; (2) there are substantial grounds for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). "[T]he legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Id.* (citation omitted). The party seeking certification has the burden of showing that exceptional circumstances justify a departure from the "basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

The court finds that Defendant has failed to identify exceptional circumstances warranting an interlocutory appeal here. Although the issue before the court involves a controlling question of law, the court is not convinced that the remaining two requirements are satisfied.

Defendant first argues that there are substantial grounds for difference of opinion because the Nevada Supreme Court has not recognized a public policy wrongful termination claim based on an employee's exercise of short term disability benefits. In so arguing, Defendant essentially presents the same arguments that it previously asserted in support of its motion to dismiss.

While Defendant is correct that the issue was one of first impression, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate substantial ground for difference of opinion." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).

Moreover, "[§] 1292 was not intended merely to provide review of difficult rulings in hard cases." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).  The arguments Defendant presents in opposition to the court's ruling do not suggest that the issue for appeal is truly an issue over which there is substantial ground for dispute.  As the court explained in its previous order, in light of the lack of a statutory or other tort remedy available to Plaintiff and the Nevada Supreme Court's recognition of the importance of protecting the interests of injured workers, the Nevada Supreme Court would likely find that terminating an employee for exercising his short term disability benefits is contrary to the public policy of the State of Nevada.  While there may be differences of opinion on this issue, the court doubts that these differences are so substantial as to warrant immediate appellate review.

It is also not clear that an immediate appeal will materially advance the ultimate termination of the litigation.  To determine whether an immediate appeal will materially advance the ultimate termination of the litigation, the court considers whether an appeal will "appreciably shorten the time, effort, or expense of conducting [the] lawsuit." *See In re Cement Antitrust Litig.*, 673 F.2d at 1027.

Defendant recognizes that, regardless of whether the court permits it to seek an interlocutory appeal, the remaining claims will go to trial before this court.  Defendant contends, however, that only the state law wrongful termination claim will require a jury trial and that by permitting it to file an interlocutory appeal of the court's state law ruling, the parties and court can avoid the "unnecessary time and expense" of a jury trial.  Thus, Defendant argues, an immediate appeal will materially advance the litigation.

The court disagrees.  Although there certainly are differences between a trial before a jury and a trial before a judge, these distinctions are not so substantial as to create the type of exceptional circumstances justifying an interlocutory appeal.  Moreover, there is no assurance that the Ninth Circuit will accept Defendant's appeal, and if the Ninth Circuit ruled against Defendant,

the case would be remanded to this court, causing further delay.  In addition, the issue in dispute may be resolved expeditiously with limited discovery and a summary judgment motion.  For these reasons, the court finds that an immediate appeal will not materially advance the termination of this litigation.

IT IS THEREFORE ORDERED that Defendant's "Motion to Amend September 25, 2009, Order" (#175) is DENIED.

IT IS FURTHER ORDERED that this case is referred to the Honorable Valerie P. Cooke for the purpose of establishing a discovery schedule for Plaintiff's Tenth Claim for Relief.[2]

IT IS FURTHER ORDERED that a pretrial order shall follow thirty (30) days after the established discovery deadline or a decision upon any dispositive motions concerning the Tenth Claim for Relief.

IT IS SO ORDERED.

DATED this 13th day of January, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[2] The court rejects Plaintiff's argument that the court should not reopen discovery on the Tenth Claim for Relief.  Although discovery has been closed for some time, when discovery was conducted, Plaintiff had not asserted a public policy wrongful termination claim based on Plaintiff's exercise of his short-term disability benefits.