1

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                        DISTRICT OF NEVADA

8                                         * * *
                                          )
9    STEVEN A. KEGEL,                      )
                                          )
10              Plaintiff,                  )          3:06-CV-00093-LRH-VPC
                                          )
11   v.                                    )
                                          )          ORDER
12   BROWN & WILLIAMSON TOBACCO            )
     CORPORATION, et al.,                  )
13                                         )
                Defendants.                )
14   _____ )

15          Before the court is Defendant R.J. Reynolds Tobacco Company's ("Reynolds") Motion for

16   Summary Judgment (#195[1]).  Plaintiff Steven Kegel has filed an opposition (#200) to which

17   Reynolds replied (#203).

18          On March 10, 2009, the court granted in part and denied in part Defendants Brown &

19   Williamson Tobacco Corporation, et al.'s Motion for Summary Judgment (#115).  In relevant part,

20   the court concluded that Defendants were entitled to summary judgment on Plaintiff's claim for

21   short term disability benefits under the Employment Retirement Income Security Act ("ERISA"),

22   29 U.S.C. §§ 1001-1462, because the plan is exempt from ERISA's provisions.  The court,

23   however, granted Plaintiff additional time to amend his complaint to include a state law wrongful

24   termination claim based on the exercise of his rights under the Short-Term Disability Benefit Plan.

25   _____

26          [1] Refers to the court's docket number.

On March 26, 2009, in accordance with the court's order, Plaintiff filed an amended complaint alleging that Defendants wrongfully terminated Plaintiff for exercising his rights under the Short-Term Disability Benefit Plan.  Defendants subsequently filed a motion to dismiss arguing that Nevada law did not recognize such a wrongful termination claim.  On September 24, 2009, the court denied the motion, finding, "[T]erminating Plaintiff for exercising his rights under the Short-Term Disability Benefit Plain is contrary to the public policy of the State of Nevada."  (Order (#173) 7.)

Reynolds now seeks summary judgment on Plaintiff's wrongful termination claim.[2] Reynolds argues that summary judgment on this claim is appropriate because Plaintiff's exercise of his short term disability benefits was not the "sole proximate cause" of Plaintiff's termination. Instead, Reynolds contends that it terminated Plaintiff because Plaintiff misrepresented his medical condition.

"[R]ecovery for retaliatory discharge under state law may not be had upon a 'mixed motive' theory; thus, a plaintiff must demonstrate that his protected conduct was *the* proximate cause of the jury."  *Allum v. Valley Bank of Nev.*, 970 P.2d 1062, 1066 (Nev. 1998) (emphasis in original).  The court finds that genuine issues of material fact relating to Reynolds' motive preclude the court from granting summary judgment in Reynolds' favor.  In particular, Reynolds' repeated insistence that Plaintiff undergo physical examinations, the consistency of the examination results suggesting that Plaintiff was not physically able to return to work, Reynolds' refusal to accept these results, and Reynolds' surveillance tactics suggest that Reynolds may not have terminated Plaintiff because he misrepresented his medical condition.  In other words, the evidence indicates that Reynolds' stated reason for terminating Plaintiff may have been a pretext

---

[2]Because the court and parties are familiar with the facts of this case, the court will not repeat them here. For a detailed discussion of the facts, see the court's Order (#150).

for Reynolds' true tortuous or retaliatory motive.[3]  Under these circumstances, summary judgment is not appropriate.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (#195) is DENIED.

IT IS FURTHER ORDERED that the parties shall lodge their proposed joint pretrial order within thirty (30) days from entry of this Order.  *See* Local Rules 16-4 and 26-1 (e)(5).

IT IS SO ORDERED.

DATED this 9th day of September, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3]The court notes that to the extent Plaintiff argues that Defendants terminated Plaintiff to preclude him from receiving long term disability and severance benefits, ERISA preempts this claim.  Indeed, in its previous order, the court denied summary judgment on Plaintiff's ERISA claim that Defendants terminated Plaintiff to interfere with his rights to retirement and severance benefits.